IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DATRIST McCALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv266-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by Datrist McCall ("McCall") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## I.  INTRODUCTION

On January 21, 2011, McCall pled guilty under a plea agreement to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Following a sentencing hearing on July 19, 2011, the district court sentenced McCall to 96 months in prison.  McCall's plea agreement contained a waiver provision whereby he relinquished the right to appeal or attack his sentence collaterally except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

McCall appealed.  His appointed counsel filed a no-merit "*Anders* brief"[1] with the Eleventh Circuit.  On February 9, 2012, the appellate court affirmed McCall's conviction and sentence, finding no arguable issues of merit upon independent review of the record. *United*

_____

[1] *See Anders v. California*, 386 U.S. 738 (1967).

*States v. McCall*, 455 Fed.App'x 946 (11th Cir. 2012).

On March 20, 2012, McCall filed this § 2255 motion, asserting the following claims:

1.   His counsel rendered ineffective assistance before and during the plea proceedings by:

    (a)   refusing to file a motion to suppress prospective witness testimony;

    (b)   urging him to plead guilty even though he told counsel he was innocent and there was evidence to support this claim; and

    (c)   failing to ensure as part of plea negotiations that he received a third point reduction in his offense level under U.S.S.G. § 3E1.1(b).

2.   His counsel rendered ineffective assistance at sentencing by:

    (a)   failing to object to the district court's failure to award him a third point reduction in his offense level under U.S.S.G. § 3E1.1(b);

    (b)   failing to object to the district court's imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6); and

    (c)   failing to object to the assessment of two criminal history points "for violation of probation."

3.   His appellate counsel rendered ineffective assistance by laboring under a conflict of interest.

4.   The district court abused its discretion at sentencing by:

    (a)   imposing a substantively unreasonable sentence in light of his history of mental instability and his criminal history; and

(b)     failing to apply a downward variance to achieve
        the purposes of sentencing.

Doc. No. 1 at 9-22.[2]

McCall later amended his § 2255 motion to add the following claims:

1.      The district court's imposition of a four-level enhancement
        under U.S.S.G. § 2K2.1(b)(6) violated the holding of *United
        States v. Alleyne*, __ U.S. __, 133 S. Ct. 2151 (2013).

2.      The district court's imposition of the § 2K2.1(b)(6)
        enhancement and assessment of two criminal history points
        under U.S.S.G. § 4A1.1(d) violated the holding of *Descamps v.
        United States*, __ U.S. __, 133 S.Ct. 2276 (2013), and his
        appellate counsel was ineffective for failing to raise this issue.

Doc. Nos. 29 and 41.

The Government argues that all of McCall's allegations of ineffective assistance of

counsel lack merit, and that his claims of sentencing error are barred by the waiver provision

in his plea agreement as well and also lack merit.  *See* Doc. Nos. 19, 31, and 43.  After

consideration of McCall's § 2255 motion, the submissions supporting and opposing the

motion, and the record, the court concludes that an evidentiary hearing is not required and

that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States

District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

### A.     General Standard of Review

---

[2] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk
in the instant civil action.  References to exhibits ("Ex.") are to exhibits filed by the Government
with its response.  All page references are to those assigned by CM/ECF.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.     Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at

1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one

5

of the requisite showings has not been made, it need not decide whether the other one has

been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through

direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of

appellate counsel may be shown if the movant can "establish ... that counsel omitted

significant and obvious issues while pursuing issues that were clearly and significantly

weaker.... Generally, only when ignored issues are clearly stronger than those presented, will

the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13

F.3d 528, 533 (2d Cir. 1994).

The Supreme Court has held that a criminal defendant's appellate counsel is not

required to raise all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54

(1983). The Court noted that "[e]xperienced advocates since time beyond memory have

emphasized the importance of winnowing out weaker arguments on appeal and focusing on

one central issue if possible, or at most on a few key issues." *Id*. at 751-52. Therefore, it is

difficult for a defendant to show his counsel was ineffective for failing to raise certain issues

on appeal, particularly if counsel presented other strong issues. *Smith v. Robbins*, 528 U.S.

259, 287-88 (2000).

### 1.   *Ineffective Assistance Before and During Plea Proceedings*

      a.   <u>Refusal to file motion to suppress prospective witness testimony</u>

McCall contends trial counsel Timothy C. Halstrom was ineffective for refusing to

6

file a motion to suppress the prospective testimony of witnesses Adriana Thomas and Ophelia Smith after he asked Halstrom to do so.[3]  Doc. No. 1 at 13-14; Doc. No. 28 at 9-11.

McCall's assault against his former girlfriend Adriana Thomas – he shot Thomas in the leg with a handgun during a domestic dispute – led to the felon-in-possession-of-ammunition charge against McCall.  Ophelia Smith (Thomas's cousin) was present at Thomas's apartment when the shooting occurred.  An officer with the Montgomery Police Department responded to the scene, investigated the matter, and completed an incident report.  *See* Ex. T.  Thomas told the officer that McCall shot her during an argument.  *Id*. at 5.  Both Thomas and Smith later submitted sworn statements to McCall's parole officer[4] recounting the incident.  Presentence Investigation Report ("PSI") at pp. 4-5, ¶¶ 7-10.  As she had told the investigating police officer, Thomas stated that McCall shot her during an argument.  *Id*.  Smith's statement to the parole officer indicated that she was in the guest bedroom of Thomas's apartment as the argument between Thomas and McCall was taking place.  *Id*. at p. 4, ¶ 7.  She stated that she heard several loud noises; when she went to investigate, she saw that Thomas had been shot.  *Id*.  Smith said that when she asked McCall why he had shot Thomas, McCall pointed his gun at her, said he would kill her, and fired his

---

[3] McCall did not specifically identify Thomas and Smith as the witnesses whose testimony he says should have been suppressed until after Halstrom filed an affidavit addressing this allegation of ineffective assistance of counsel.  *See* Doc. No. 28 at 9-11.

[4] At the time of the incident, McCall was on supervised release from a federal sentence imposed for a previous conviction for possession of a firearm by a convicted felon.  *See* Criminal Case No. 2:03cr184-MEF.

weapon, but missed.  *Id*.

McCall contends that a motion to suppress the prospective testimony of Thomas and Smith would have succeeded because (1) at a January 2010 preliminary hearing on a petition to revoke McCall's supervised release based on the shooting incident, Thomas initially denied McCall shot her; and (2) on the incident report of the police officer who investigated the shooting incident, the officer wrote the word "NONE" in the section entitled "WITNESSES."  *See* Doc. No. 28 at 9-11.

The court's records reflect that after the magistrate judge at the preliminary revocation hearing advised Thomas of her right against self-incrimination and the consequences of perjury and appointed counsel to represent her, Thomas recanted her initial hearing testimony and acknowledged – consistent with her statements to the investigating police officer and McCall's parole officer – that McCall shot her.  *See* Criminal Case No. 2:03cr184-MEF, Doc. Nos. 98 and 99.

As for Smith, although Halstrom filed no motion to suppress her prospective testimony, he did file a motion in limine arguing that because the investigating police officer's incident report indicated there were no witnesses to the shooting incident, the Government should be prevented from introducing testimony from Smith about the incident, "unless and until it has established [Smith's] requisite personal knowledge as required by Rule 602 [of the Federal Rules of Evidence]."[5]  Ex. T.  In an affidavit filed with this court,

---

[5] Rule 602 provides: "A witness may testify to a matter only if evidence is introduced (continued...)

Halstrom states, regarding McCall's request that he file a motion to suppress prospective witness testimony, that "I explained [to McCall] that a motion to suppress was not the appropriate vehicle but that at a proper time I would file a motion in limine with respect to the witness's competency to testify."  Doc. No. 12 at 2.

McCall establishes no plausible basis for Halstrom to have filed a motion to suppress the prospective testimony of Thomas and Smith.  Any such motion would have been unsuccessful.  Thomas would not have been prohibited from testifying on the basis of her prior inconsistent (and subsequently recanted) statements at the preliminarily revocation hearing.  At most, McCall's defense could seek to use the prior inconsistent statements to impeach later testimony by Thomas, through cross-examination, but the later testimony of Thomas would not be subject to suppression.  Likewise, Smith would not have been prohibited from testifying solely because of the notation in the investigating police officer's incident report.  At most, the Government would have been required to lay a foundation showing that Smith had personal knowledge of the matters about which she was testifying, i.e., that, notwithstanding the incident report, she was present during the shooting incident.  Evidence to prove Smith's personal knowledge could have comprised Smith's own testimony.  *See* Fed.R.Evid. 602.

It is McCall's burden as the 28 U.S.C. § 2255 petitioner to articulate the factual

---

[5](...continued)
sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may consist of the witness's own testimony.  This rule does not apply to a witness's expert testimony under Rule 703."  Fed.R.Evid. 602.

circumstances and legal arguments that would have supported a successful motion to suppress. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). He has done nothing to present this court with grounds for a motion to suppress that would justify § 2255 relief on the ground of ineffective assistance of counsel. His allegations fail to demonstrate deficient performance by his counsel or any resulting prejudice. Consequently, he is not entitled to any relief based on this claim.

b. <u>Inducement to plead guilty despite innocence</u>

McCall next contends that attorneys Christine A. Freeman and Aylia McKee, who represented him during plea negotiations after Halstrom was allowed to withdraw as his counsel,[6] rendered ineffective assistance of counsel by urging him to plead guilty even though he told them he was innocent of shooting Adriana Thomas and there was evidence to support this claim. Doc. No. 1 at 14-16.

In affidavits filed with this court, Freeman and McKee observe that while McCall claims that they induced him to plead guilty despite his allegedly telling them he did not shoot Thomas, McCall was not charged with shooting Thomas; instead, the sole charge in the indictment – the charge to which McCall pled guilty – was that McCall unlawfully possessed ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Doc. No. 5 at 1-2; Doc. No. 8 at 1. Both Freeman and McKee aver that, to their knowledge, McCall willingly pled guilty. Doc. No. 5 at 2; Doc. No. 8 at 1.

---

[6] Freeman and McKee, experienced criminal defense attorneys with the Federal Defenders Office of the Middle District of Alabama, represented McCall through sentencing.

As the Government notes in its response to this claim by McCall (*see* Doc. No. 19 at 29), the record from the change of plea hearing and the findings of the district court in its order denying McCall's subsequent motion to withdraw his guilty plea reflect that McCall's guilty plea was knowing and voluntary[7] and that McCall admitted the factual basis for his plea and admitted his guilt to the felon-in-possession-of-ammunition charge at the change of plea hearing.  *See* Ex. EE; Criminal Case No. 10cr19-WKW, Doc. No. 135.

McCall does not state in his § 2255 motion what evidence existed to support his claim of innocence.  In his reply to the Government's response to his § 2255 motion, filed after attorneys Freeman and McKee submitted affidavits addressing his claims that they rendered ineffective assistance of counsel, McCall asserts, for the first time, that his attorneys should have reviewed surveillance tapes from Thomas's apartment complex that he says would have shown he was "not in the area" when the shooting of Thomas occurred.  Doc. No. 28 at 12.  In addition, McCall asserts for the first time that he asked counsel to question an individual named Billy McCall, whom he says could have provided an alibi concerning his whereabouts at the time of the shooting, but counsel failed to contact Billy McCall.  *Id*.  Petitioner McCall also asserts that his counsel should have obtained expert opinion to verify that the

---

[7] McCall's motion to withdraw his guilty plea was not based on a claim he was innocent and had been induced to plead guilty by his counsel over claims of innocence.  Instead, he argued that "[he] did not fully understand the potential penalty he faced, ... [and] [t]here was no mention at the plea colloquy of the fact that his sentence in the instant case may run consecutive to the federal sentence he is already serving."  Criminal Case No. 10cr19-WKW, Doc. No. 128 at 1-2.  In denying McCall's motion to withdraw his guilty plea, the district court found, among other things, that McCall's basis for claiming his plea was not knowing and voluntary was belied by his own admissions at the change of plea hearing.  *Id*., Doc. No. 135 at 4.

ammunition recovered inside Thomas's apartment was used to shoot Thomas. *Id.* McCall, however, fails to demonstrate how investigation by his counsel as to any of these matters would have resulted in evidence to support a claim that he was innocent of the offense to which he pled guilty. Thus, he fails to demonstrate the prejudice required to support a claim of ineffective assistance of counsel.

At the change of plea hearing, McCall confirmed, under oath, that he was fully satisfied with the representation and advice given by his attorneys, that no one had forced him in any way to plead guilty, and that he was pleading guilty of his own free will because he was in fact guilty. Ex. EE at 4-6. As noted, he also admitted, under oath, the factual basis for his plea of guilt to possession of ammunition after having been convicted of a felony. *Id.* at 10-12. Given these statements on the record, McCall cannot now be heard to state otherwise. "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). A defendant's representations regarding the voluntary nature of his plea "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

McCall fails to demonstrate that he was induced by his counsel to plead guilty despite his innocence. Consequently, he is not entitled to any relief based on this claim of ineffective

assistance of counsel.

> c.   Failure to ensure third point reduction under
>      U.S.S.G. § 3E1.1(b)

McCall contends that his attorneys rendered him ineffective assistance of counsel by failing to ensure as part of plea negotiations that he received a third point reduction in his offense level under U.S.S.G. § 3E1.1(b).  Doc. No. 1 at 16-17.

Under the plea agreement, the Government expressly agreed that McCall should receive a two-level reduction in his offense level under U.S.S.G. § 3E1.1(a) for acceptance of responsibility.  Ex. DD at 2.  The plea agreement further provided that if the Government found McCall assisted authorities in investigating and prosecuting his misconduct by timely notifying authorities of his intention to plead guilty, thereby permitting the government to avoid preparing for trial and allowing it to allocate its resources efficiently, and if McCall otherwise qualified, the Government would move at sentencing for a further reduction of one level under U.S.S.G.§ 3E1.1(b).  *Id*.  The plea agreement expressly stated that determination of whether McCall met his obligation to qualify for the reduction under § 3E1.1(b) would be at the sole discretion of the Government.  *Id*.  At McCall's sentencing, the Government did not move for McCall to receive the one-level reduction under § 3E1.1(b), and the district court did not grant the reduction.  Ex. LL.

At the change of plea hearing, McCall confirmed to the court that he had read the plea agreement and discussed it with his counsel before signing it, and that he understood the terms of the plea agreement.  Ex. EE at 4-5.  An express term of the plea agreement was that

13

the determination of whether McCall had met his obligations to qualify for the one-level reduction under § 3E1.1(b) was reserved to the sole discretion of the Government. Ex. DD at 2. McCall cannot now fault his counsel for failing to ensure that he received the one-level reduction under § 3E1.1(b) when he agreed to and understood the terms of his plea agreement.[8] His allegations here do not demonstrate deficient performance by his counsel or any prejudice resulting from an error by counsel. Consequently, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### 2.   *Ineffective Assistance at Sentencing*

   a.   Failure to object to court's failure to award third
        point reduction under U.S.S.G. § 3E1.1(b)

McCall contends that his counsel rendered ineffective assistance at sentencing by failing to object to the district court's failure to award him a third point reduction in his offense level under U.S.S.G. § 3E1.1(b). Doc. No. 1 at 17-18.

Because McCall's counsel recognized that, under the plea agreement, determination of whether McCall met his obligation to qualify for the reduction under § 3E1.1(b) was at the sole discretion of the Government, counsel did not object to the court's failure to grant

---

[8] The Government states it negotiated to reserve its power to determine McCall's eligibility for the reduction under § 3E1.1(b) "for the reason demonstrated in this case – to prevent a defendant from agreeing to plead guilty, only to have him change his mind at the last minute and attempt to withdraw that plea" (Doc. No. 19 at 30), as McCall did by filing a motion to withdraw his guilty plea shortly before his sentencing hearing.

the § 3E1.1(b) reduction.[9]  *See* Doc. No. 5 at 2; Ex. LL at 43.  However, counsel did argue

that the court should vary McCall's offense level downward one level, as if he had received

the one-level reduction under § 3E1.1(b).[10]  Ex. LL at 42-44.  Because sole discretion in the

matter of any reduction under § 3E1.1(b) lay with the Government, McCall's counsel did not

render deficient performance by failing to object to the court's failure to award McCall the

third point reduction under § 3E1.1(b).  Further, McCall demonstrates no prejudice resulting

from counsel's failure to object on this ground.  McCall is entitled to no relief based on this

claim of ineffective assistance of counsel.

b.    Failure to object to imposition of § 2K2.1(b)(6)
          enhancement

McCall contends that his counsel rendered ineffective assistance at sentencing by

failing to object to the district court's imposition of a four-level enhancement under U.S.S.G.

§ 2K2.1(b)(6).  Doc. No. 1 at 18-20.

Section 2K2.1(b)(6) of the Sentencing Guidelines provides, in pertinent part, that a

defendant's offense level should be increased by four levels if the defendant "used or

possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G.

§ 2K2.1(b)(6)(B).  The district court applied the § 2K2.1(b)(6) enhancement to McCall's

---

[9] McCall's counsel recognized that the Government was not recommending the reduction under § 3E1.1(b) because McCall had moved to withdraw his guilty plea before sentencing. *See* Ex. LL at 43.

[10] McCall's counsel argued that McCall was entitled to the additional one-level reduction because he pled guilty, assisted in his prosecution, and accepted responsibility.  Ex. LL at 43.

15

sentence based on the evidence that the ammunition he possessed was connected to his shooting of Adriana Thomas, which constituted the felony offense of assault. Ex. LL at 37-40.

To the extent McCall maintains that his counsel failed to object to imposition of the four-level enhancement under § 2K2.1(b)(6), his claim is factually baseless. His counsel objected to, and argued at length at the sentencing hearing against, application of this enhancement. Ex. LL at 25-35. In his § 2255 motion, McCall contends his counsel should have argued that the district court's application of the enhancement constituted judicial factfinding in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that § 2K2.1(b)(6) is "vague and ambiguous." Doc. No. 1 at 18-19. However, an argument based on *Apprendi* would have proved futile, as application of the § 2K2.1(b)(6) enhancement did not affect the statutory maximum sentence applicable to McCall but instead increased McCall's advisory guidelines sentence *within* the statutory sentencing range. *See United States v. Ortiz*, 318 F.3d 1030, 1039 (11th Cir. 2003). Nor would an argument by counsel asserting § 2K2.1(b)(6) to be "vague and ambiguous' have prevailed. The guideline plainly states that if a defendant possesses or uses a firearm or ammunition in connection with another felony offense, he is subject to the enhancement. U.S.S.G. § 2K2.1(b)(6)(B). Counsel cannot be ineffective for failing to raise a meritless claim. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). McCall is not entitled to relief based on this claim.

      c.     <u>Failure to object to criminal history points for</u>
            <u>"violation of probation"</u>

McCall next contends that his counsel rendered ineffective assistance at sentencing by failing to object to the district court's assessment of two criminal history points "for violation of probation" because probation no longer exists for federal defendants.  Doc. No. 1 at 20.

This claim is without merit.  McCall was assessed two criminal history points under U.S.S.G. § 4A1.1(d) because he was on supervised release from a federal sentence when he committed the instant offense.[11]  *See* PSI at p. 10, ¶ 35.  His counsel was not ineffective for failing to raise a baseless claim that he was not subject to application of § 4A1.1(d).  *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### 3.    *Ineffective Assistance of Appellate Counsel*

McCall contends that his appellate counsel, Daniel G. Hamm, rendered ineffective assistance of counsel by laboring under a conflict of interest, because Hamm previously represented shooting victim Adriana Thomas.  Doc. No. 1 at 9-13.

Hamm was appointed to represent Thomas in relation to the January 2010 preliminary hearing on a petition to revoke McCall's supervised release after Thomas – despite previous statements inculpating McCall to the police officer who investigated the shooting incident

---

[11] Section 4A1.1(d) states that two points should be added to a defendant's criminal history calculation "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).

and to McCall's parole officer – initially denied in her testimony at the hearing that McCall, her boyfriend at the time, had shot her. The magistrate judge appointed Hamm to represent Thomas after advising Thomas of her right against self-incrimination and of the consequences of perjury. Thomas then recanted her initial hearing testimony and acknowledged – consistent with her statements to the investigating police officer and McCall's parole officer – that McCall had shot her.

Attorney Hamm addresses McCall's conflict-of-interest claim, in pertinent part, as follows:

> On January 5, 2010, I was appointed to represent Ms. Adriana Thomas, who was to be a potential witness in the underlying case at issue. I met with Ms. Thomas three times, approximately a total of two and a half hours. Although multiple attempts were made, I was unable to contact Ms. Thomas after January 26, 2010. To my knowledge, Ms. Thomas was never contacted again by the Government in connection with this case. Since Mr. McCall entered a plea of guilty, Ms. Thomas never testified at trial against Mr. McCall in this case. The extent of my involvement with Ms. Thomas' file (except billing) was completed on October 27, 2010.
>
> On August 2, 2011, I was appointed to represent Mr. McCall on his appeal to the Eleventh Circuit. As a precaution, before I was appointed, I informed the Federal Defenders Office of the Middle District of Alabama of my past representation of Ms. Thomas, and was assured, as I anticipated, this was not a conflict of interest. I met with Mr. McCall and had multiple telephone conversations and sent letters to keep him apprised of the status of his appeal. Mr. McCall's main points of contentions that were discussed in the brief was that he should have been allowed to withdraw his plea of guilty, and that he should not have received any sentencing enhancements. Neither of these issues touch on any information that I might have learned from my representation of Ms. Thomas, or would in any way be a conflict of interest.

Doc. No. 14 at 2-3.

McCall contends that Hamm's conflict of interest "affected his choice to go to trial" and that he would not have pled guilty but for Hamm's conflict of interest.  Doc. No. 1 at 12. This claim is self-evidently meritless, as Hamm did not represent McCall before he pled guilty and first represented him on appeal.

Further, McCall fails to assert – much less to demonstrate – that Hamm's performance as his counsel on appeal was affected by the alleged conflict of interest in Hamm's prior and limited representation of Thomas.  To prevail on an ineffective assistance of counsel claim based on an alleged actual conflict of interest, a defendant must "establish that an actual conflict of interest adversely affected his lawyer's performance."  *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *see also Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987).

> An "actual conflict" of interest occurs when a lawyer has "inconsistent interests."  *Smith* [*v. White*], 815 F.2d [1401] at 1405 [(11th Cir. 1987)].  In order to prove that an "actual conflict" hindered petitioner's lawyer's performance, petitioner "must make a factual showing of inconsistent interests" or point to "specific instances in the record" to suggest an actual impairment of his or her interests.  *Smith*, 815 F.2d at 1404.

*Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999) (citation omitted).

> This requires petitioner to make a factual showing of inconsistent interests and
>
> "demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other."  *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987).  Absent such a demonstration, the conflict remains hypothetical and cannot form the basis for relief.

*Porter v. Singletary*, 14 F.3d 554, 560-61 (11th Cir. 1994) (citation omitted).

As the Eleventh Circuit noted in *Freund*, *supra*:

19

"[G]enerally, it is more difficult to prove that successive representation caused an actual conflict of interest than that simultaneous representation did so." *Smith*, 815 F.2d at 1405. At minimum, petitioner must "show that either (1) counsel's earlier representation of the witness was substantially and particularly related to counsel's later representation of [petitioner], *or* (2) counsel actually learned particular confidential information during the prior representation of the witness that was relevant to [petitioner's] later case." *Smith*, 815 F.2d at 1405 (emphasis added). Even proof of both substantial relatedness and confidential information, however, may not necessarily be enough to demonstrate "inconsistent interests" in a successive representation case. *See Smith*, 815 F.2d at 1406. The situation may call for "other proof of inconsistent interests." 815 F.2d at 1406. Overall, the "actual conflict" inquiry is fact-specific, consistent with the petitioner's ultimate burden "to prove that his conviction was unconstitutional." *Smith*, 815 F.2d at 1406.

165 F.3d at 859 (footnote omitted).

Here, Hamm's representations of Thomas and McCall were successive. McCall fails to make a factual showing of inconsistent interests arising from Hamm's previous representation of Thomas or to point to any specific instances in the record suggesting an actual impairment of his interests resulting from Hamm's previous representation of Thomas. Thus, McCall has not demonstrated that an actual conflict of interest existed in his case. Further, he has not demonstrated that any possible conflict adversely affected his case. Because McCall has failed in his burden to prove that Hamm labored under an actual conflict of interest that adversely affected his performance in presenting his defense, he is not entitled to relief based on this claim.

## C.   Alleged Sentencing Errors

In his § 2255 motion, McCall contends that the district court abused its discretion at sentencing by (a) imposing a substantively unreasonable sentence in light of his history of

mental instability and his criminal history, and (b) failing to apply a downward variance to achieve the purposes of sentencing.  Doc. No. 1 at 20-22.  The Government correctly asserts that these claims of sentencing error are barred from review by the waiver provision in McCall's plea agreement.  Doc. No. 19 at 32-34.

The plea agreement contained a waiver provision with the following pertinent language:

> 9.  <u>Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence</u>.
>
> a.  *Defendant's Waiver*.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 U.S.C. § 3742 to appeal the sentence in this case.  The defendant specifically waives his right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.
>
> b.  *Exceptions*.  This waiver does not include (and the defendant expressly reserves) the right to appeal or collaterally attack the sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The defendant is released from this waiver if the Court applies an upward variance or departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing, or if the Government files an appeal under 18 U.S.C. § 3742(b).

Ex. DD at 3-4.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.

2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

There is nothing in the record indicating that the waiver in McCall's case was anything but knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from McCall that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. Ex. EE at 4-5. The terms of the waiver provision were stated in open court, with McCall representing to the court that he understood them. *Id.* at 8. Further, the written plea agreement contained McCall's signature under language acknowledging that he had read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations that had been made to him and all the terms that had been reached. Ex. DD. at 9. McCall does not demonstrate that he did not understand the consequences of the waiver. Under these circumstances, the court finds that McCall understood the full significance of the waiver provision in his plea agreement and that his assent to the waiver was knowing and voluntary. Consequently, these claims of sentencing

22

error are barred from review by the waiver provision in the plea agreement.

**D.     Claims Raised in Amendments**

In an amendment to his § 2255 motion, filed June 24, 2013, McCall asserts that the district court's imposition of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) violated the holding of *United States v. Alleyne*, __ U.S. __, 133 S. Ct. 2151 (2013). Doc. No. 29. McCall filed a second amendment to his § 2255 motion, this one on June 6, 2014, arguing that the district court's imposition of the § 2K2.1(b)(6) enhancement and assessment of two criminal history points under U.S.S.G. § 4A1.1(d) violated the holding of *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (2013), and that his appellate counsel was ineffective for failing to raise this issue. Doc. No. 41.

In *Alleyne*, the Supreme Court found that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. *Id*. The Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2155. In *Descamps*, the Supreme Court held that, in determining whether a conviction under a state criminal statute could count as an Armed Career Criminal Act ("ACCA") predicate offense (a "violent felony"), a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated

23

in the ACCA. *Descamps*, 133 S.Ct. at 2283.

Neither *Alleyne* nor *Descamps* is relevant to McCall's case. *Alleyene* is not relevant because the four-level enhancement to McCall's offense level under § 2K2.1(b)(6) did not change the applicable statutory minimum sentence in his case, and the enhancement of his sentence under § 2K2.1(b)(6) was based solely on application of a sentencing guideline, not an increased statutory minimum. *Descamps* is not relevant because imposition of the § 2K2.1(b)(6) enhancement and assessment of criminal history points under U.S.S.G. § 4A1.1(d) had nothing to do with applying a "modified categorical approach" to the elements of a criminal statute to determine whether a prior conviction could count as an ACCA (or career offender) predicate offense.

Because *Alleyne* and *Descamps* have no application to McCall's case, his claims that his sentence violates the holdings of those Supreme Court decisions is without merit. Further, because McCall's *Descamps* claim is meritless, his appellate counsel could not be ineffective for failing to raise a claim premised on *Descamps*.[12]

---

[12] The Government also correctly argues (*see* Doc. Nos. 31 and 43) that McCall's *Alleyne* and *Descamps* claims are time-barred under the one-year limitation period in 28 U.S.C. § 2255(f) because (1) the claims were raised over one year after McCall's conviction became final, *see* § 2255(f)(1); (2) the claims do not relate back to any claim in the original § 2255 motion, *see* Fed.R.Civ.P. 15(c); and (3) neither the Supreme Court nor the Eleventh Circuit has made the *Alleyne* or *Descamps* case retroactively applicable to cases on collateral review, *see* requirements of § 2255(f)(3); *see also Griffin v. Warden*, FCI Miami, 572 Fed. App'x 758, 761-62 (11th Cir. 2014) (*Alleyne* not retroactively applicable); *Chester v. Warden,* 552 Fed. App'x 887, 891 (11th Cir. 2014) (same); *Wilson v. Warden, FCC Coleman,* 2014 WL 4345685, at *3 (11th Cir. Sep. 2, 2014) (recognizing that Supreme Court has not declared *Descamps* to be retroactive to cases on collateral review); *United States v. Martin*, 2014 WL 3845879, at *1 (N.D. Fla. Jul. 7, 2014) (same, and listing (continued...)

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McCall be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 18, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 4th day of December, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[12](...continued)
numerous district court and court of appeals cases finding *Descamps* was not retroactive).

25